```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                      WESTERN DIVISION
                    NO. 5:96-CR-167-1H
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| ROBERT MOSES WILKERSON, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on defendant's motions for compassionate release [DE #256, #258] as well as a motion for reduction of sentence pursuant to Section 404 of the First Step Act [DE #257]. The government has responded to both motions [DE #264, #265, #266], and defendant has replied [DE #267, #269]. Additionally, both the government and defendant have filed Notices [DE #271 and #272], which this court has reviewed.

The government opposes both defendant's motion for reduction pursuant to Section 404 of the First Step Act as well as defendant's motion for compassionate release. Granting the compassionate release motion would, of course, moot the § 404 motion. The court, therefore, turns to the compassionate release motion first.

1

## BACKGROUND

Defendant moves for compassionate release having served over 25 years in prison. He has been incarcerated since 1995. He was sentenced under the then-mandatory guidelines. On October 7, 1996, Wilkerson was indicted in a multi-count, multi-defendant indictment. Count One charged Wilkerson with conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 and seven counts of using or carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Mr. Wilkerson exercised his right to a jury trial, and on April 17, 1997, a jury found him guilty of Count One, the crack conspiracy, as well as three counts of § 924(c) violations. The jury deadlocked as to counts six and seven, and the government eventually dismissed those charges. Additionally, the jury found defendant not guilty of counts nine and ten.

On September 2, 1997, this court sentenced Wilkerson to life in prison on Count One, and 45 years consecutive on the three counts of § 924(c) (five years, 20 years, and 20 years all consecutive). Wilkerson's criminal history category was I, and he had never before been to prison. His guideline range on Count One was driven by a murder cross-reference, a murder upon which Wilkerson was acquitted in state court on August 30, 1996. However, this court found him responsible for the shootings of

2

several individuals during the course of the conspiracy. He is currently 48 years old and housed at FCI Gilmer in West Virginia. His sentence has never been reduced despite numerous motions to reduce.

**COURT'S DISCUSSION**

I.   **Standard of Review**

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that—

(1)  in any case—

(A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment. . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i)   extraordinary and compelling reasons warrant such a reduction. . .

and that such a reduction is consistent with applicable policy

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

3

statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (alteration in original) (citation omitted).

## II. Analysis

Mr. Wilkerson requested compassionate release from the Warden of the facility where he was housed more than 30 days prior to the filing of his counseled motion on September 8, 2020. Therefore,

4

he has exhausted the requirement under 18 U.S.C. § 3582(c)(1)(A). The government does not contest the exhaustion requirement here.

Mr. Wilkerson cites both health reasons in light of the COVID-19 pandemic as well as changes to § 924(c) sentencing implemented by the First Step Act as bases for finding extraordinary and compelling reasons warranting such a reduction.

The Fourth Circuit recently held that courts may grant compassionate release based on the new, lower penalties for § 924(c) convictions. United States v. McCoy, 981 F.3d 271 (4th Cir. 2020) (affirming compassionate release grants for individuals sentenced under the old, draconian § 924(c) penalties). "In sum, we find that the district courts permissibly treated as 'extraordinary and compelling reasons' for compassionate release the severity of the defendants' sentences and the extent of the disparity between the defendants' sentences and those provided for under the First Step Act." Id. at 286. Mr. Wilkerson was convicted of one drug charge and three counts of § 924(c). The maximum on the drug charge is now 20 years. [DE #266 at 2, Probation Modification Report.] If Mr. Wilkerson received the new § 924(c) penalties, he would have likely receive a sentence of 35 years or less, a maximum of 20 years on the drug conspiracy count, and 5 years on each of the § 924(c) counts to be served consecutively. Therefore, finding a huge disparity between the statutory

5

requirements Mr. Wilkerson was sentenced under and the sentence he would face if sentenced today, the court finds Wilkerson has shown an extraordinary and compelling reason for compassionate release.

The government acknowledges that defendant presents a risk factor (type II diabetes) identified by the CDC as heightening the risk of severe injury or death were the defendant to contract COVID-19. The government subsequently filed a Notice informing the court that defendant has received his first dose of vaccine for COVID-19 and was scheduled for his second dose.

Turning to the 3553(a) factors, as noted previously, Mr. Wilkerson is serving a life plus forty-five year sentence for conspiring to distribute crack cocaine and three counts of § 924(c). He has served over 25 years in custody. The law governing Wilkerson's convictions has changed substantially in the last thirty years. Today, Wilkerson's statutory and guideline range would be significant lower and the guidelines would no longer be mandatory. Today, his crack conspiracy conviction would carry 0-20 years instead of 10 years to life.

Wilkerson committed the crimes when he was between the ages of 19 and 22. He has been incarcerated his entire adult life. Wilkerson had never been sentenced to prison prior to this conviction, and he was a criminal history category of I at the time of sentencing. The undersigned, who presided at the trial of

Mr. Wilkerson and sentenced him, has not forgotten the severity of Mr. Wilkerson's crimes. He was responsible for the shootings of several individuals and ran a large-scale crack cocaine trafficking operation. The court notes defendant's co-defendants have been released. The government contends Wilkerson would be a danger to the community were he to be released based on conduct that occurred from 1992-1995. However, Wilkerson's conduct while in BOP contradicts this. Furthermore, Wilkerson, if released, would be subject to five years of supervised release.

Considering his post-sentencing conduct, while in the BOP, he has had only 3 infractions in 25 years, and none in the last ten years. He has worked for UNICOR for eighteen years. He has additionally worked as a caregiver for elderly inmates and those with medical needs. He takes advantage of the BOP's programming and participates in life connection and religious programming. The court finds this post-sentencing conduct especially remarkable for a defendant who was sentenced to life imprisonment. Additionally, his mother lives in Fayetteville, and Wilkerson is able to reside with her if released. A prison term of more than twenty-five years is sufficient deterrence in this matter and is sufficient but not greater than necessary punishment.

The court finds that defendant has exhausted his administrative remedies, has presented extraordinary and

compelling reasons justifying his release, and that the 3553(a) factors and his post sentencing conduct weigh in favor of release. In conclusion, the court finds that when the record in this matter is viewed as a whole, Mr. Wilkerson has met his burden for compassionate release under 18 U.S.C. § 3582.

## CONCLUSION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), defendant's motion for compassionate release is GRANTED. Defendant's sentence of imprisonment as reflected in the judgment dated September 2, 1997, is REDUCED to time served. Defendant's special conditions of supervision as reflected in the September 2, 1997, judgment are MODIFIED by the addition of the following:

> The defendant shall abide by all conditions and terms of the home detention program for a period of 180 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall submit to Radio Frequency monitoring and abide by all program requirements, instructions and procedures provided by the supervising probation officer. The defendant shall pay for location monitoring services as directed by probation officer. The United States Probation Office shall install the monitoring equipment within one week of the defendant's release from imprisonment.

All other provisions of the September 2, 1997, judgment shall remain in effect. The BOP may delay defendant's compassionate release up to 14 days for quarantine purposes. Defendant's motion

8

for reduction of sentence under section 404 of the First Step Act is denied as moot in light of the granting of compassionate release.

This 19th day of March 2021.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

9

Case 5:96-cr-00167-H   Document 275   Filed 03/19/21   Page 9 of 9